IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL EDWARD MILLIGAN,<br><br>　　　　Defendant. | No. CR 09-1230-TUC-CKJ (CRP)<br><br>**ORDER** |

On September 9, 2010, Magistrate Judge Charles R. Pyle issued an Amended Report and Recommendation (Doc. 75) in which he recommended that the Motion to Suppress Evidence (Doc. 31) and the Motion to Suppress Statements (Doc. 49) file by Defendant Michael Edward Milligan ("Milligan") be denied. The Report and Recommendation notified the parties that they had fourteen days from the date of being served with the copy of the Report and Recommendation to serve and file any objections. Milligan has filed an objection. A response has been filed.[1]

The government asserts that Milligan has not objected to recommendations as to the Motion to Suppress Statements and that, therefore, the only issue before the Court is Milligan's objection to the recommendation as to the Motion to Suppress Evidence. The Court agrees. However, the Court recognizes that Milligan's objections as to the alleged unlawful stop may be applicable to Milligan's statements because of potential tainting by the

---

[1] The Court notes that the government's response was not timely filed. However, Milligan has not objected to the untimely filing. The Court will consider the response.

1 alleged unlawful stop. *See generally United States v. Patzer*, 277 F.3d 1080, 1084, 86 (9th
2 Cir. 2002) (unlawful arrest tainted subsequent consent to search, resulting in statements and
3 evidence being "fruit of the poisonous tree").

5 *Consideration of Radio Communications*

6 Milligan requests this Court not consider the radio communications between Border
7 Patrol Agent Caitlin Werner ("Werner") and Border Patrol Agent Robert Colon ("Colon").
8 Milligan asserts that Werner was confused as to whether Colon was receiving her messages
9 and it cannot be determined who heard which communications. Therefore, Milligan asserts
10 that the determination of reasonable suspicion must be made solely on the facts known by
11 Werner prior to the stop. However, under the collective knowledge doctrine, a court is to
12 determine:

13 whether an investigatory stop, search, or arrest complied with the Fourth Amendment by "look[ing] to the collective knowledge of all the officers involved in the criminal
14 investigation although all of the information known to the law enforcement officers involved in the investigation is not communicated to the officer who actually
15 [undertakes the challenged action]." *United States v. Sutton*, 794 F.2d 1415, 1426 (9th Cir.1986). *See generally* 2 Wayne LaFave, Search and Seizure: A Treatise on
16 the Fourth Amendment § 3.5 (4th ed.2004).

17 *United States v. Ramirez*, 473 F.3d 1026, 1032 (9th Cir. 2007); *see also United States v.*
18 *Bernard*, 623 F.2d 551, 559 (9th Cir. 1980).

19 Indeed, the Ninth Circuit stated that "the cases suggest a limited requirement that there
20 be a communication but not necessarily the conveyance of any actual information among
21 officers." *Id*. at 1032-33. In this case, there was communication between the officers, albeit
22 possibly spotty, which indicates that the officers were functioning as a team. *Id*. at 1033.
23 In other words, even if Werner did not have reasonable suspicion to make an investigatory
24 stop, if the collective knowledge of the agents constitutes reasonable suspicion, there is no
25 violation of the Fourth Amendment. *See e.g. United States v. Villasenor*, 608 F.3d 467, 472
26 n. 5 (9th Cir. 2010). The Court finds it appropriate, therefore, to consider the radio
27 communications in determining whether reasonable suspicion existed to stop the vehicle.
28

*Consideration of Transcript of Radio Communications*

Milligan arranged for the transcription of the radio communications and provided a copy of the transcript to the magistrate judge and to this Court. The government asserts that, while it does not object to the Court using the transcript as a guide, it requests that the Court defer to the actual radio transmissions and/or the testimony of the agents discussing and interpreting the transmissions. Although 28 U.S.C. § 636 permits this Court to receive further evidence, the parties have not had an opportunity to be heard as to the accuracy of the transcript. *See e.g. United States v. Abonce-Barrera*, 257 F.3d 959, 963 (9th Cir. 2001). The Court finds it appropriate to use the transcript as a guide, but to primarily rely on the evidence admitted at the hearing.

*Testimony of Agent Colon*[2]

Milligan requests the Court to consider striking Agent Colon's testimony or to exclude Colon's testimony from any determination of reasonable suspicion of the Milligan vehicle. Initially, Milligan asserts that, despite the magistrate judge's order, Colon's notes have not been produced. The government points out, however, that an investigation has revealed that the notes are not available and cannot be produced. The government further points out that Milligan has not asserted or shown that the notes are unavailable because of any conduct by Colon. Milligan also asserts that the magistrate judge did not know that the notes were unavailable when he issued the Report and Recommendation. However, the discussion between the magistrate judge and the prosecutor indicates that the magistrate judge was aware of the possibility that the notes may not be located. *See* RT 8/12/10, p. 93-4.

---

[2]The Court notes that the rule that "a district court is required to conduct a de novo evidentiary hearing before rejecting the factual determinations of the magistrate judge who conducted the suppression hearing, is especially applicable to dispositive motions to suppress and to credibility findings." *United States v. Ridgway*, 300 F.3d 1153, 1156 (9th Cir. 2002), *citing United States v. Bergera*, 512 F.2d 391 (9th Cir. 1975)]. However, the Court agrees with the magistrate judge that Colon was credible and the Court finds it is not necessary to conduct a de novo evidentiary hearing in this matter.

1  Milligan also asserts that the notes may contain Jencks Act material. However, there is no indication that the notes were subject to the Jencks Act, *United States v. Claiborne*, 765 F.2d 784, 801 (9th Cir. 1985) (an agent's summary 302 forms, the Ninth Circuit found those summaries were not subject to the Jencks Act because they did not fall within the definition of a statement), the notes involved in this case were not a written statement adopted by a witness, *United States v. Boshell*, 952 F.2d 1101, 1105 (9th Cir. 1991), and the notes were not a substantially verbatim recitation recorded simultaneously of an oral statement, and are not a grand jury transcription. 18 U.S.C. § 3500(e). Indeed, Colon testified that the notes were "[j]ust a couple of sentences here and there of who was involved and just kind of what happened, what type of case it was." RT 8/12/10, p. 72. *See United States v. Miller*, 771 F.2d 1219, 1232 (9th Cir. 1985) ("the unrefuted testimony of a note-taking government agent is adequate to establish that materials are not statements within the Jencks Act because they were not adopted by the witness nor were they a substantially verbatim transcription of the witness's comments"). The Court does not find the unavailability of the notes to be a basis to not consider Colon's testimony.

Milligan also asserts that Colon's testimony should be stricken because of anomalies in Colon's testimony (e.g., Colon's testimony is not consistent with the radio transmissions). However, the discrepancies pointed out by Milligan go to the weight of Colon's testimony, not to it admissibility. *See e.g. United States v. Finley*, 301 F.3d 1000, 1014 (9th Cir. 2002); *United States v. Baxter*, 492 F.2d 150 (9th Cir. 1973); 88 C.J.S. Trial § 239. Moreover, the Court does not find Colon's testimony to be unreliable simply because Colon, for example, did not testify to passing a specific milepost when Milligan argues he should have based on the radio transcript. Indeed, Milligan's own arguments implicitly recognize why the inconsistencies should not negatively affect Colon's testimony: for example, although Colon testified he was traveling at 90 to 95 mph, he also testified that he came to a stop and became stationary. Further, Colon testified regarding approximate times. *See e.g.,* RT 8/12/10, p. 71. The Court does not find this is a basis to strike Colon's testimony.

Indeed, the Court simply does not find that slight discrepancies regarding events that were occurring while Colon was traveling at a high rate of speed, seeking to find the vehicles that had triggered the sensor activation, and assist other agents warrants a determination that Colon was not credible. Rather, Colon's testimony was corroborated by the testimony of Werner and generally corroborated by the transcript of the radio communications. The Court finds Colon to be credible.

*Reasonable Suspicion*

The Court has reviewed the evidence presented and considered the arguments of counsel. The Court agrees with the magistrate judge that, looking at the totality of the circumstances, *United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct. 744 (2002), reasonable suspicion existed to stop the vehicle. A sensor had been activated on Spanish Bayonet Road; after the sensor activation, agents saw the lights of two vehicles traveling north on Spanish Bayonet Road, the vehicles did not stop at any residence on Spanish Bayonet Road, the vehicles were traveling on a known drug and alien smuggling route, the erratic driving of the Cadillac driver after the driver may have noticed Colon's service vehicle, and the SUV had out-of-state license plates. The circumstances indicated to the agents, in light of their training and experience, that two vehicles had turned to Spanish Bayonet Road in circumvention of the checkpoint and that the vehicles were traveling in tandem. The stop was not unlawful and suppression of the evidence is not appropriate.

Accordingly, after an independent review, IT IS ORDERED:

1. The Amended Report and Recommendation [Doc. # 75] is ADOPTED;
2. The Motion to Suppress Evidence (Doc. 31) is DENIED, and;
3. The Motion to Suppress Statements (Doc. 49) is DENIED.

DATED this 19th day of November, 2010.

_____
Cindy K. Jorgenson
United States District Judge

- 5 -